UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------ x
WALLACE CARTER-MITCHELL, JR., :
:
                         Petitioner, :   MEMORANDUM DECISION AND
:   ORDER
     -against- :
:   12 Civ. 4168 (GBD)
SUZANNE R. HASTINGS, KENNETH HAAS, :
D. WARD, AND A. CRUZ, :
:
                        Respondents. :
------------------------------------ x

GEORGE B. DANIELS, United States District Judge:

Petitioner, *pro se*, moves pursuant to 28 U.S.C. § 2241 ("Section 2241") against the Warden of the Metropolitan Correctional Center in New York ("MCC") and various MCC Correctional Officers (collectively, "Respondents"), challenging aspects of his month-long confinement at MCC between April 13, 2012 to May 30, 2012. (Pet., ECF No. 2.) Respondents oppose Petitioner's motion. (Gov't. Opp'n., ECF No. 27.)

Before this Court is Magistrate Judge Debra Freeman's December 27, 2021 Report and Recommendation ("Report"), recommending that this Court deny Petitioner's motion. (R. & R., "Report," ECF No. 100, at 2.)[1] Having reviewed the Report and Petitioner's objections, this Court overrules all objections and ADOPTS the Report in full. Petitioner's motion is DENIED.

### I.   FACTUAL AND PROCEDURAL BACKGROUND[2]

This Court assumes familiarity with the background set forth in the Report and recounts here only those facts necessary for resolution of the issues before it.[2]

---

[1] Magistrate Judge Freeman advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (Report at 24–25.) After receiving multiple extensions, Petitioner filed untimely objections to the Report. (Pet.'s Objs. to R&R ("Pet.'s Objs."), ECF No. 103.)

[2] The relevant factual and procedural background is set forth in greater detail in the Report and is incorporated by reference herein.

Petitioner was convicted by the Superior Court of the District of Columbia on four charges, including murder in the first degree. He was sentenced in 1991 to thirty-five years to life with a mandatory minimum of twenty-five years. (Faller Decl., ECF No. 30 at 2; Report at 1.)

On April 13, 2012, Petitioner was transferred from the Metropolitan Detention Center in Brooklyn, New York, to MCC. *See Carter-Mitchell v. Terrell*, No. 12 Civ. 2361 (SLT), 2017 WL 375634, at *1 (E.D.N.Y. Jan. 26, 2017); (Report at 1.) Petitioner subsequently left MCC New York on May 30, 2012, and has since transferred to various federal institutions. (Report at 2–3.) Petitioner is currently incarcerated at Beaumont USP in Texas, with no projected release date. *See Inmate Locator,* FED. BUREAU PRISONS, https://www.bop.gov/inmateloc/ (last accessed June 1, 2023).

## II.   LEGAL STANDARDS

### A.   Review of a Magistrate Judge's Report and Recommendation

A reviewing court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The court must review *de novo* the portions of a magistrate judge's report to which a party properly objects. *Id.* Portions of a magistrate judge's report to which no or "merely perfunctory" objections are made are reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citations omitted). The clear error standard also applies if a party's "objections are improper—because they are 'conclusory,' 'general,' or 'simply rehash or reiterate the original briefs to the magistrate judge.'" *Stone v. Comm'r of Soc. Sec.*, No. 17 Civ. 569 (RJS), 2018 WL 1581993, at *3 (S.D.N.Y. Mar. 27, 2018) (citation omitted). Clear error is present when "upon review of the entire record, [the court is] 'left with the definite and firm conviction that a mistake has been committed.'" *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation omitted).

### III.    PETITIONER'S MOTION IS DENIED

Petitioner has filed the instant Section 2241 petition based on the circumstances of his incarceration at MCC between April and May 2012.[4] Petitioner's motion sets forth eight claims related to his incarceration at MCC: (1) Petitioner's placement in punitive segregation deprived him of recreation and educational programming, as well as communication with legal counsel, family, and clergy; (2) Petitioner's placement in punitive segregation prevented him from earning good time credits; (3) Petitioner was sexually harassed by Respondent Haas, and Haas subsequently threatened Petitioner for rebuffing Haas's sexual advances; (4) Petitioner was retaliated against and punished for complaining about the conditions of MCC's cells; (5) Respondents refused to deliver or send his mail beginning on April 20, 2012; (6) Respondents failed to use safety precautions in cleaning up biohazards, exposing him to health and safety risks; (7) Respondents had inadequate safety and fire evacuation plans, placing him in danger of serious physical injury; and (8) Respondent Haas conspired with a counselor to deprive him of good time credits. (*See* Pet. at 4–8; Report at 3–5.)

Magistrate Judge Freeman's Report recommended denying all of Petitioner's claims. As the Report correctly determined, Petitioner's arguments are without merit. Magistrate Judge Freeman recommended that Petitioner's claims challenging the conditions of his confinement at MCC be denied as moot. It is well established that a prisoner's challenge to the conditions of their

---

[4] Petitioner is a serial litigant and has filed "over 80 lawsuits against the Federal Bureau of Prisons ('BOP') and its personnel." *Carter-Mitchell*, 2017 WL 375634, at *1. Petitioner has filed over 1,100 administrative remedy requests and appeals, often challenging disciplinary actions imposed during his tour of several federal facilities. *Id.* (citation omitted). Petitioner's suits have been dismissed and several resulted in sanctions for abuse of process and his identification as a violator of the Prison Litigation Reform Act (the "PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), three-strike rule. *See, e.g., Mitchell v. Daniels*, 06 Civ. 624 (DRH), 2014 WL 1246735 (S.D. Ill., Mar. 24, 2014); *Gilbert-Mitchell v. Allred et al.*, 12 Civ. 1997 (CMA) (MJW) (D. Colo., April 3, 2013); *Deen-Mitchell v. Bledsoe*, 548 Fed. App'x. 747 (3d Cir. 2013); *Mitchell v. Nash*, 09 Civ. 371 (GRL), 2009 U.S. Dist. LEXIS 134668 (M.D.F.L., Oct. 14, 2009).

confinement becomes moot when the prisoner is transferred to a different facility. *Thompson v. Choinski*, 525 F.3d 205, 209 (2d Cir. 2008) (habeas claims challenging prison conditions during confinement were mooted by prisoner's transfer to different facility). Petitioner has not resided at MCC in over ten years and will not be returned there, as MCC closed in August 2021. (Report at 9–10; Gov't Ltr. Reply to Pet.'s Objs., ECF No. 115 at 7–8.) Thus, Petitioner's claims regarding the conditions at MCC (Claims One, Three, Four, Five, Six, and Seven) are dismissed as moot.

Magistrate Judge Freeman also properly recommended denying Petitioner's remaining claims (Claims Two and Eight) regarding the alleged deprivation of "good time credit." Petitioner argued that his placement in punitive segregation at MCC violated his due-process rights, as he was denied the opportunity to earn educational good time credits and was forced to "forfeit" good time credit. (Pet. at 4; Report at 10–11.) As the Report correctly determined, Petitioner has failed to exhaust his administrative remedies with respect to the alleged deprivation of good time credit. (Report at 11); *Woodford v. Ngo*, 548 U.S. 81, 88-90 (2006); *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (a prisoner must exhaust administrative remedies before commencing a Section 2241 proceeding to challenge the loss of good time credit).

Even if Petitioner had exhausted his administrative remedies, Petitioner's arguments are meritless. It is well established that prisoners do not have a cognizable property interest in the mere opportunity to earn good time credit. "Although inmates have a liberty interest in good time credit they have already earned, no such interest has been recognized in the opportunity to earn good time credit . . . ." *See Abed v. Armstrong*, 209 F.3d 63, 67 (2d Cir. 2000) (citations omitted); *Carter-Mitchell*, 2017 WL 375634, at *6 (in another Section 2241 action brought by Petitioner, holding that, though Petitioner claimed the sanctions brought against him "indirectly" resulted in

4

a loss of good time credit, he had not been deprived of a liberty interest when he did not allege facts establishing that he had been deprived "of any vested credits he hypothetically had[.]").

## IV. CONCLUSION

Petitioner's Section 2241 motion is DENIED. No certificate of appealability shall issue because there has been no "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. The Clerk of Court is directed to close the open motion (ECF No. 2) and to close this case.

Dated: New York, New York
June 5, 2023

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge