UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
WALLACE CARTER-MITCHELL, JR., :
:
Petitioner, :
:
-against- : MEMORANDUM DECISION AND
: ORDER
SUZANNE R. HASTINGS, WARDEN; UNIT :
MANAGER KENNETH HAAS; CAPTAIN D. : 12 Civ. 4168 (GBD) (VF)
WARD; and LT. A. CRUZ, :
:
Respondents. :
------------------------------------- x

GEORGE B. DANIELS, United States District Judge:

*Pro se* Petitioner Wallace Carter-Mitchell, Jr. seeks relief, pursuant to Federal Rule of Civil Procedure 60(b), from this Court's final order and judgment denying his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (*See* Order, ECF No. 124; Motion ("Mot."), ECF No. 125.) Petitioner argues that relief is warranted because this Court's order allegedly did not consider "material facts in dispute" and gave no reason given for its denial of an evidentiary hearing.[1] (Mot. at 2.) Respondents did not file an opposition. After reviewing the arguments contained therein, Petitioner's motion is DENIED.

## STANDARD FOR *PRO SE* LITIGANTS

"It is well established that the submissions of a *pro se* litigant must be construed liberally and interpreted 'to raise the strongest arguments that they suggest.'" *Treistman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)). Accordingly, and out of an abundance of caution, this Court construes the motion as

---

[1] "Petitioner seeks to specifically frame the issue of the need, or lack thereof, of an evidentiary hearing for the purposes of appeal . . . ." (Mot. at 3.) This Court's Order previously certified that an appeal would not be take in good faith and denied *in forma pauperis* status for the purpose of an appeal. (Order at 5.)

1

seeking relief pursuant to Federal Rule of Civil Procedure 59(e) and Local Rule 6.3, in addition to Federal Rule of Procedure 60(b).

## PETITIONER'S MOTION TO ALTER OR AMEND THE JUDGMENT OR FOR RECONSIDERATION PURSUANT TO FED. R. CIV. P. 59(e) AND LOCAL RULE 6.3 IS DENIED.

To succeed on a motion to alter or amend a judgment pursuant to Rule 59(e), movants must show that this Court "overlooked 'controlling law or factual matters' that had been previously put before it." *Cohen v. Jamison*, No. 23-cv-1304 (LTS), 2023 WL 3412762, at *2 (S.D.N.Y. May 12, 2023) (quoting *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009)). Such motions are granted a short leash, to avoid the prospect of repetitively rehashing issues that have already been decided—and expending scarce judicial resources in the process. *See id.* Local Rule 6.3's standards are coextensive with Rule 59(e).[2] *See R.F.M.A.S.*, 640 F. Supp. 2d 508–09.

Petitioner does not make the requisite showing that he is entitled to an evidentiary hearing on his claim that he "forfeited" already earned good time credits in violation of his due process rights. (*See* Mot. at 2.) As Magistrate Judge Freeman noted in her Report and Recommendation, Petitioner's claim regarding the "forfeiture" of his good time credits is unexhausted, and, in any event, meritless. (*See* Report & Recommendation, ECF No. 100, at 14–15, 18–19, 21–24.) This Court continues to see no good reason to disturb Magistrate Judge Freeman's findings. As the claim in question is not properly before this Court on habeas review, there is no need for an evidentiary hearing. *See Reilly v. Morton*, 213 F.3d 626 (2d Cir. 2000) (denying request for an

---

[2] Rule 59(e) motions must be filed within 28 days of judgment, whereas Local Rule 6.3 motions must be filed within 14 days. *Compare* Fed. R. Civ. P. 59(e), *with* Local Rule 6.3. Petitioner's motion is dated June 12, 2023, so his submission is timely under both Rule 59(e) and Local Rule 6.3, even though it was received by this Court on June 20, 2023. *See Noble v. Kelly*, 246 F.3d 93, 97 (2d Cir. 2001) (explaining the "prison mailbox rule").

evidentiary hearing in a Section 2241 case where the district court record "contained all the relevant facts to evaluate [the] petition").

### **PETITIONER'S MOTION FOR RELIEF UNDER FED. R. CIV. P. 60(b) IS DENIED.**

Under Rule 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). This Court has considered Petitioner's arguments, and even under a liberal interpretation of his motion, Petitioner has failed to demonstrate that any of the grounds listed in the first five clauses of Rule 60(b) apply. To the extent that Petitioner seeks relief under Rule 60(b)(6), the motion is also denied. Courts "require[] a movant seeking relief under Rule 60(b)(6) to show extraordinary circumstances justifying the reopening of a final judgment." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005) (citation omitted). No such circumstances have been demonstrated or even alleged here.

## CONCLUSION

Petitioner's motion for relief from judgment (ECF No. 125) is DENIED. The Clerk of Court is directed to close the motion and mail a copy of this decision to Petitioner.

This Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

Dated: New York, New York
      October 19, 2023

SO ORDERED.

*George B. Daniels*

GEORGE B. DANIELS
United States District Judge